WILLIAM BEAL et al. vs. JOHN NASON, JR.

The *Revised Statute, c.* 52, § 12, by which actions, brought by heirs to recover
    real estate sold by executors, administrators, and guardians on license, are
    limited to five years from the giving of the deed, applies alike to sales made
    prior and subsequent to the passing of the act.

That *statute* violates no provisions of the constitution.

THIS was a writ of right, dated *Jan.* 19, 1835, wherein the
demandants claimed a certain tract of land in *Biddeford.* The
land demanded was formerly owned by *Joseph Beal,* grandfather
of the demandants, *William Beal* and *Sally Whitten,* who are
his heirs at law. The tenant proved, that *R. C. Shannon* was
duly appointed administrator of the estate of said *Joseph,* in 1815,
that within three months he returned an inventory of said deceased's
estate, consisting of a tract of land including the demanded pre-
mises ; a list of claims against the estate returned by commissioners ;
and that at the *Sept.* term of the Court of Common Pleas, said
administrator was duly licensed to sell real estate of the intestate
to the amount of $272 for the payment of debts. A certificate
from a Justice of the Peace, that the oath was administered, was
offered in evidence, not having been returned into the probate office,
objected to, and admitted. There was a variety of evidence offered
to show that the requisite notices of sale were given, no record
thereof appearing in the probate office. This was objected to and
admitted. The administrator, at a vendue, *Nov.* 8, 1815, sold
land to the amount of $280,05, and the plaintiff contended, that
the sale was void because it exceeded the sum for which the license
was granted, and the tenant offered evidence to show, that the land
was sold in different lots, and that this was one of the first sold,
and within the amount of the license. The administrator gave a
deed of the premises in proper form, dated *Nov.* 21, 1815, reciting
a sale of the demanded premises, after due notice, to one *John
Nason,* on the same 8th day of *November,* under whom the tenant
derived title. Many objections were made, and overruled, and
much evidence offered, all of which has become immaterial, as the
opinion of the Court did not touch them. *William Beal* was 32
years of age when the suit was brought, and *Sally Whitten,* wife
of *Geo. Whitten,* the other demandant, was then 33 years of age,

and had been married twelve years. Among the various objections made at the trial, was one by the counsel for the tenant, *that the suit could not be sustained, but that the demandants were barred by the provisions of the statute of Maine, c.* 52, § 12. But *Emery J.*, presiding at the trial, declined so to instruct the jury. The verdict, however, on the whole case, was for the tenant, under the instructions given on other points.

The several questions made at the trial were fully argued, but those having no bearing upon the ground of decision are omitted.

*N. D. Appleton*, for the demandants.

The statute of *Maine, ch.* 52, *sec.* 12, is no bar to this action. When this sale took place, there was no limitation by law then existing ; and the clause in the 12th section extends, by the express words of it, only to licenses granted by that act. The words, "*sold under such license*," necessarily refer to licenses authorized by that act.

This must have been the intention of the legislature. The construction contended for would impute to the legislature an unconstitutional enactment, which the Court will not do unless compelled to do it. If intended to act on sales made prior to the act, it is clearly void, being unconstitutional ; because it disturbs vested rights ; is retrospective in its operation ; and operates as a repeal of general laws.

If the sale of this land was not legal, the title remained in the demandants, where it vested on their ancestor's death ; and it surely was not competent for the legislature to take this property from them and give it to others without their consent. *Const. of Maine, art.* 1, § 11 ; *Lewis* v. *Webb*, 3 *Greenl.* 327 ; *Lewiston* v. *N. Yarmouth*, 5 *Greenl.* 67. If this law is holden to have retrospective operation, it in effect makes that legal, which at the time was illegal and void. Such act is unconstitutional. *Pro. Ken. Pur.* v. *Laboree*, 2 *Greenl.* 275. The case last cited is analogous to the present, and the reasoning of the Court conclusive in support of our position. In *Thayer* v. *Seavey*, 2 *Fairf.* 285, the legislature only changed the form of the action, but did not bar the right. Laws are generally to be considered prospective, and a retrospective effect is not to be given to a statute, unless such intention is

Beal v. Nason.

manifestly expressed, especially if it tends to produce injustice, or inconvenience.

*Fairfield*, for the defendant, relied on the proof of a compliance by the administrator with all the provisions of law, under the finding of the jury, and that the objections of the counsel for the demandants were untenable; and briefly argued the point made at the trial in relation to the statute of limitation.

This action cannot be maintained, not having been commenced within five years of the time of sale, and not coming within any of the exceptions, it being more than five years since the demandants were of age, and in a condition to assert their rights. *Rev. St. ch.* 52. There is nothing to distinguish this from the ordinary statutes of limitation. They usually apply to cases already existing, fixing the time when a party shall have a right to enforce a claim in a Court of Justice. This statute takes away no rights whatever from the demandants, but merely fixes the period after which the law will not permit them to take advantage of the loss of the evidence of the compliance with all the provisions of the law, or of unimportant errors in the proceedings of administrators. Many statutes of limitation are shorter than this. Five years are quite long enough for the heirs to find out whether the administrator has made any mistakes, when the proceeds of the sale have gone to pay debts. Although the statute applies to all cases, whether the sale was before or after the statute, still in this case it is immaterial, whether it is prospective, or retrospective, for many more than five years had elapsed after its passage before the suit. The act was unquestionably constitutional. *Thayer* v. *Seavey*, 2 *Fairf*. 290.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J.— The statute laws in force, at the time of the separation of this State from *Massachusetts*, underwent a general revision in 1821, whereupon the former statutes, so far as they respected this State, were repealed. The act respecting executors, administrators and guardians, and the conveyance by them of real estate in certain cases, *Revised Statutes, ch.* 52, contains a general limitation of the liability of executors and administrators. *Chapter* 62 of the same statutes, limits actions real and personal, to the sev-

eral periods therein prescribed. It has never been understood in either case, that these statutes began to run only prospectively ; and that no part of the period prior to their enactment, could enter into the computation.

Unless they applied to the past, as well as the future, as the prior statutes were repealed, remedies might be revived, which were barred by former laws. Or if the protection they afforded, when they attached, might be considered as vested ; in all cases, where the periods of limitation had nearly, but not quite, expired, a new computation must begin from the enactment of our statutes, by which the periods would be greatly extended from their first commencement. This would neither accord with the benign policy, which dictated statutes of limitation, nor with the practice of our Courts.

The twelfth section of the statute first cited, provides, that " no action by any heir or other person, interested for the recovery of any real estate, sold under such license, shall be sustained, unless such action shall be brought, within the term of five years, after the execution and delivery of the deed, given under such license." The statute had previously made provision, for granting license to executors and administrators, to sell the real estates of persons deceased, for the payment of their debts, in terms varying very little, if at all, from the former statutes. The words, " such license," are not to be limited to such, as might be subsequently granted ; but, in our judgment, embrace also those of a similar character, and for the same object, which had been granted under former laws.

To quiet purchasers, and for the protection of executors and administrators, the legislature thought proper to enact, that sales of this kind should not be disturbed after five years, with certain exceptions, not now in question. There was quite as much reason for extending the limitation to past sales, as to those which might be made in future. Unless this construction obtains, a sale made before the passage of the last statute, might be defeated at any time within twenty years, while those subsequently made, would become indefeasible in five years. In our opinion, the operation of the statute ought not to be thus narrowed.

Beal *v.* Nason.

The case of *Holyoke* v. *Haskins et ux. 5 Pick.* 20, may not accord with this construction. A similar question was there raised, under a statute of *Massachusetts*, containing the same provisions with those before cited from our own. The Court were of opinion, that the limitation did not apply. to past sales. They give no other reason for it, than that otherwise vested rights might be disturbed. This does not appear to us quite satisfactory. If a party under no legal disability, had neglected to prosecute his remedy, for a supposed right, for five years, we think it is competent for the legislative power, to prescribe as a general rule, that the remedy shall no longer be enjoyed. Writs of review, by a former law, might within a limited period, be sued out as of right ; but when the law was repealed the right, before available, was defeated. There was formerly no statute, limitation of writs of error. In 1806, it was provided by law in *Massachusetts*, that no judgment before or subsequently rendered, should be reversed, unless a writ of error should be sued out, within twenty years from the rendition of such judgment. 3 *Mass. Laws*, 313. The same provision is re-enacted, in the same terms, in this State. *Statute* of 1821, *ch.* 52, $ 15. This at once foreclosed the remedy, with respect to judgments, however erroneous, which had been rendered more than twenty years. It was deemed no injustice to such as had neglected for that period to prosecute the remedy. And the same reasoning may be applied to the statute under consideration.

But in the case before us, no vested rights were disturbed by the statute of this State. The limitation therein prescribed, did not begin to run, so as to affect the demandants, until after the passage of the statute, they being minors. Since they became of full age, they have had as long a time, within which to vindicate their rights, as is allowed to other citizens, or which is deemed consistent with the public good, which is best promoted, by quieting men in their possessions, within reasonable periods.

The tenant being, upon this ground, entitled to retain his verdict, it is unnecessary to examine other objections taken in the cause.

*Judgment on the verdict.*